Jaswinder KAUR, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70865.
I & NS No. A73–122–470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2002.

Decided May 30, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

Jaswinder Kaur ("Kaur"), a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her application for asylum and withholding of deportation. The BIA denied the appeal principally on the grounds that: (1) Kaur's

---

5. *Thomas,* 278 F.3d at 956.

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

testimony regarding persecution she allegedly suffered during two detentions was contradictory; (2) she failed to testify knowledgeably with respect to the political environment in Punjab and the organization to which she purportedly belonged; and (3) she offered contradictory testimony with respect to the origin of her documentary evidence.

We determine that the BIA's adverse credibility determination is supported by substantial evidence. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997) (review of credibility findings is for "substantial evidence."). The record shows that the numerous inconsistencies in Kaur's testimony and documentary evidence cited by the BIA relate directly to and cast doubt on the circumstances central to her claims of persecution as well as her identity. *Cf. Bandari v. INS*, 227 F.3d 1160 (9th Cir.2000) (vacating BIA denial of asylum where record showed only "minor inconsistencies" related to dates and locations of events). The transcript reveals no fundamental miscommunication or evidence of faulty translation. *Cf. Maini v. INS*, 212 F.3d 1167, 1176 (9th Cir.2000) ("We have long recognized that asylum hearings frequently generate mistranslations and miscommunications."). We also decline to second-guess the IJ's assessment of Kaur's emotional state while testifying. *See Abovian v. INS*, 219 F.3d 972 (9th Cir.2000) (An IJ is in the "best position" to make credibility findings in an asylum proceeding, because he sees the witness as the testimony is given.). Accordingly, the petition is DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.